IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLANA HUDSON, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>Defendant. | No. 1:22-cv-01851 |

### NOTICE OF REMOVAL

Defendant Align Technology, Inc. ("Align") hereby removes this putative class action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and, on the face of Plaintiff's pleadings, the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

**I.  Overview of Claims Asserted and Relief Sought**

Align is a Delaware corporation with its principal place of business in Arizona.[1] Plaintiff Allana Hudson's Class Action Complaint asserts that she downloaded and used Align's "mobile app" related to teeth-straightening products in a manner that violated the Illinois Biometric

---

[1] *See* Align's Securities and Exchange Commission Form 10-K, available at https://sec.report/Document/0001097149-22-000011/. This Court can take judicial notice of Align's principal place of business because it is in the public record. *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (noting that contents of government websites are a proper item of which to take judicial notice).

Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.* *See* Compl. ¶¶ 15-19 (attached as part of Exhibit A).[2]

Plaintiff alleges violations under two separate subparts of BIPA's Section 15. Compl. ¶¶ 8-9, 23-38. Plaintiff alleges Align failed to:

1) make and adhere to a publicly available written policy about retention and destruction of biometrics (Section 15(a))[3]; and

2) inform Plaintiff in writing that her biometrics were being collected and of the specific purpose and length of term for which her biometrics were being collected, stored, or used, and failed to obtain a written release from Plaintiff (Section 15(b)(1)-(3)).

Lastly, Plaintiff seeks injunctive relief under Sections 15(a) and 15(b), which includes enjoining Align from further alleged BIPA non-compliance. *Id.* ¶ c ("WHEREFORE" paragraphs). Plaintiff defines the putative class as follows:

> All individuals within the state of Illinois whose biometric data Defendant Align Technology collected, captured, stored, disseminated, transmitted or otherwise used during the applicable statute of limitations period.

*Id.* ¶ 20. Plaintiff seeks as relief, among other things, "statutory damages of $5,000 for each willful and/or reckless violation" of BIPA[4] and for negligent violations, "statutory damages of $1,000[.]" *Id.* ¶¶ d-e ("WHEREFORE" paragraphs).

**II.    Removal is Proper under CAFA**

This Court has jurisdiction under CAFA because this lawsuit is a purported class action (*id.* ¶¶ 20-22) in which (A) minimal diversity exists; and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class

---

[2] Exhibit A is "a copy of all process, pleadings, and orders served" on Align. *See* 28 U.S.C. § 1446(a).

[3] This Court has Article III standing over Plaintiff's BIPA Section 15(a) claim as alleged. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154-55 (7th Cir. 2020).

[4] Under BIPA, a plaintiff may recover "liquidated damages of $5,000 or actual damages, whichever is greater" for each intentional or reckless violation. 740 ILCS 14/20(2).

actions); 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 1446 (permitting removal).

### A. Minimal Diversity Exists

Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of Illinois. Compl. ¶ 11. Align is a citizen of the state of its incorporation and its principal place of business, which are Delaware and Arizona, respectively. Accordingly, Align is not a citizen of Illinois, and minimal diversity exists.

### B. Amount in Controversy Exceeds $5,000,000

Here, on the face of Plaintiff's Complaint, the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The Complaint asserts at least two types of alleged violations, and seeks statutory damages for "each" violation (*e.g.*, Compl. ¶¶ d-e ("WHEREFORE" paragraphs)). CAFA requires "the claims of the individual [purported] class members [to] be aggregated." 28 U.S.C. § 1332(d)(6).

According to Plaintiff's Complaint, the class is "believed to amount to *thousands* of persons." Compl. ¶ 21(a) (emphasis added). Even 1000 class members would yield a maximum amount in controversy in excess of the jurisdictional prerequisite for the two BIPA violations alleged (1000 x $5,000 x 2 = $10,000,000). Thus, as alleged, the amount-in-controversy requirement is satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89

(2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").[5]

### III. The Procedural Requirements for Removal Have Been Satisfied

This notice is timely. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1446(b). Align was served on March 10, 2022. Ex. A (Service of Process Transmittal). Counting forward 30 days comes to April 9, 2022. Align is today timely filing this Notice with the Circuit Court of Cook County, along with an executed copy of the Notice of Filing Notice of Removal. Align is also today serving those filings on all parties. 28 U.S.C. § 1446(d).

Dated: April 8, 2022

Respectfully submitted,

**ALIGN TECHNOLOGY, INC.**

By: /s/ Melissa A. Siebert

Melissa A. Siebert (masiebert@shb.com)
Erin Bolan Hines (ehines@shb.com)
Kathleen M. Ryan (kxryan@shb.com)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195

*Attorneys for Defendant*

---

[5] Although the amount in controversy exceeds $5 million for removal purposes, Align vehemently denies liability or that Plaintiff is entitled to any such damages.

## **CERTIFICATE OF SERVICE**

I, Melissa A. Siebert, an attorney, hereby certify that on April 8, 2022, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of record in this matter in the Circuit Court of Cook County, addressed as follows:

>Roberto Luis Costales
>William H. Beaumont
>BEAUMONT COSTALES LLC
>107 W. Van Buren, Suite 209
>Chicago, Illinois 60605
>Tel: (773) 831-8000
>rlc@beaumontcostales.com
>whb@beaumontcostales.com
>
>*Attorneys for Plaintiff*

            */s/ Melissa A. Siebert*